UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-5-TAV-DCP |
| | ) | |
| BRADLEY JOHN KELLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Keller's Unopposed Motion to Continue Trial and Related Dates and Motion Deadline [Doc. 22], filed on March 1, 2024.

Defendant asks the Court to extend the motions deadline, plea deadline, trial date, and all related deadlines [Doc. 22 p. 1]. Specifically, Defendant requests the motions deadline be extended to March 22, 2024 [*Id.*]. In support of his motion, Defendant states that, despite reasonable diligence, defense counsel is not yet ready for trial [*Id.*]. Defense counsel expects to receive additional discovery, conduct further legal research regarding potential motions, and to meet with Defendant to discuss the discovery and results of that research [*Id.*]. Further, Defendant asserts that granting a continuance will provide the parties the opportunity to make a full resolution of the case [*Id.*]. Defendant's motion states that he understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* at 2]. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.*].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel requires more time to investigate the facts of the case, engage in plea negotiations, discuss any offers with Defendant, and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the April 2, 2024 trial date.

The Court therefore **GRANTS** Defendant Keller's Unopposed Motion to Continue Trial and Related Dates and Motion Deadline [**Doc. 22**]. The trial of this case is reset to **June 18, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 1, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Keller's Unopposed Motion to Continue Trial and Related Dates and Motion Deadline [**Doc. 22**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 18, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 1, 2024**, and the new trial date of **June 18, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **March 22, 2024,** and responses to motions are due on or before **April 5, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 17, 2024**;

(6) the deadline for filing motions *in limine* is **June 3, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2024, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 7, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

3

Case 3:24-cr-00005-TAV-DCP   Document 23   Filed 03/06/24   Page 3 of 3   PageID #: 44