UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-5-TAV-DCP |
| BRADLEY JOHN KELLER, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Bradley Keller's Motion for Continuance [Doc. 46], filed on September 19, 2024.

Defendant requests that the Court continue the trial date and all deadlines [Doc. 46]. In support of his motion, Defendant states that while reviewing discovery with his counsel, they realized that they needed additional information to prepare his defense [*Id.*] They are working with the government to gather the necessary documents [*Id.*]. Defendant also notes that there is a pending motion before the Court on this matter [*Id.*]. Defendant understands his right to a speedy trial [*Id.*].

On September 20, 2024, the Court ordered the Government to file a position on the matter of continuance [Doc. 47]. The Government responded that it did not object to rescheduling the trial and corresponding deadlines [Doc. 48].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review and discuss discovery and prepare for trial after the Court rules on the pending motion. The Court finds that all of this cannot occur before the October 22, 2024 trial date.

The Court therefore **GRANTS** Defendant Bradley Keller's Motion for Continuance [**Doc. 46**]. The trial of this case is reset to **February 11, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on September 19, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Bradley Keller's Motion for Continuance [**Doc. 46**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 11, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 19, 2024**, and the new trial date of **February 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2025**;

(5) the deadline for filing motions *in limine* is **January 27, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 28, 2025, at 2:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 14, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge